IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NANCY JOYCE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| HOBBY LOBBY STORES, INC., | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, NANCY JOYCE, by and through her attorneys, O'CONNOR LAW FIRM, LTD., and complaining of the Defendant, HOBBY LOBBY STORES, INC., alleges as follows:

## JURISDICTION

1. The jurisdiction of the court is invoked pursuant to 28 U.S.C. §1332 due to the complete diversity of the parties and the amount in controversy exceeding seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

2. The Plaintiff is an individual with Illinois domicile and the Defendant is a duly licensed Oklahoma Corporation with its principal place of business in Oklahoma City, Oklahoma. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

## VENUE

3. This matter arises from a slip and fall which took place at the Hobby Lobby Store located at 200 South Waukegan Road, in the City of Deerfield, in the County of Lake, in the

State of Illinois, as such, venue in the Northern District of Illinois, Eastern Division is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4. On or about March 1, 2016, Plaintiff, NANCY JOYCE, resided and domiciled in the City of Highland Park, County of Lake, State of Illinois.

5. Upon information and belief, on or about March 1, 2016, and at all times relevant hereto, Defendant, HOBBY LOBBY STORES, INC., was a duly licensed Oklahoma Corporation with its principal place of business located in Oklahoma City, in Oklahoma County, in the State of Oklahoma.

## COUNT I – NEGLIGENCE

For her first cause of action against the Defendant, HOBBY LOBBY STORES, INC., Plaintiff, NANCY JOYCE, states as follows:

1. That on or about March 1, 2016 and for some time prior and subsequent thereto, the Defendant, HOBBY LOBBY STORES, INC., was duly licensed Oklahoma corporation which engaged in the business of owning, operating, maintaining, managing and providing a store to the general public.

2. That in connection with the operation of its business, the Defendant, HOBBY LOBBY STORES, INC., owned, operated, managed, maintained and controlled and/or otherwise contracted to own, operate, manage, maintain and control the premises located at 200 South Waukegan Road, in the City of Deerfield, in the County of Lake, in the State of Illinois, together with the passages, areaways and appurtenances thereof and thereat.

3. That on or about March 1, 2016, the Plaintiff was legally and lawfully upon said premises, and more particularly, was a customer at said store.

4. That on or about March 1, 2016, the Defendant, HOBBY LOBBY STORES, INC., by and through its duly authorized agents, servants, and/or employees, used excessive or an improperly diluted cleaning solution on the floor inside of the premises located at 200 South Waukegan Road, Deerfield, Illinois, causing the floor to become slick and unsafe.

5. At all times stated above, the Defendant, HOBBY LOBBY STORES, INC., knew or reasonably should have known, that the floor inside the aforementioned premises were slick and unsafe due to the slippery substance which had been used to clean them by Defendant's duly authorized agents, servants, and/or employees.

6. That on or about March 1, 2016, the Plaintiff was caused to fall as a result of a slippery substance which was present on the floor of the aforesaid premises at/or near the entrance way to the store.

7. That at the aforementioned time and place, the Plaintiff was in the exercise of ordinary care for her own safety.

8. That on or about March 1, 2016, it was the duty of Defendant, HOBBY LOBBY STORES, INC., by ant through its agents, servants, and/or employees acting on its behalf, to adequately clean the floor such that chemicals were not left on them and to prevent the floors from becoming slippery.

9. Further, that it was then and there the duty of the Defendant to exercise reasonable care and caution in and about the ownership, operation, management, maintenance and control of said premises, and the passages, areaways and appurtenances thereof and thereat, so that same would be in a good, safe and proper condition for persons legally and lawfully in and upon said premises, to be, use, occupy and walk upon, and so as not to cause harm and injury to such persons.

10. That the Defendant negligent and carelessly breached said duty by creating a dangerous condition in one or more of the following ways:

    a. Improperly operated, managed, maintained, possessed and controlled said premises so that as a direct result thereof the Plaintiff was injured;

    b. Failed to provide a good, safe and proper place for the Plaintiff to be, use and occupy while on its premises;

    c. Failed to warn or display notification of the slippery substance on the floor;

    d. Placed the slippery substance on the floor;

    e. Failed to clean and/or remove the slippery substance from the floor;

    f. Placed the slippery substance in an area where it was foreseeable that customers would be traversing;

    g. Failed to inspect said premises to be certain same was in good, safe and proper condition; and/or

    h. Failed to have adequate safety precautions in effect.

11. As a proximate result of one or more of the foregoing negligent acts or omissions of Defendant, as aforesaid, Plaintiff was thereby injured internally, externally and otherwise, both temporarily and permanently; and Plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time she suffered or will suffer great pain and was hindered and prevented from attending to her business and affairs; and Plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of her injuries, as aforesaid.

WHEREFORE, the Plaintiff, NANCY JOYCE, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for the entry of judgment against the Defendant, HOBBY LOBBY STORES, INC., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), and for such additional amounts as the Court shall deem proper, and additionally, costs of said suit.

## COUNT II – PREMISES LIABILITY

For her second cause of action against the Defendant, HOBBY LOBBY STORES, INC., Plaintiff, NANCY JOYCE, pleading in the alternative, alleges as follows:

1. That on or about March 1, 2016 and for some time prior and subsequent thereto, the Defendant, HOBBY LOBBY STORES, INC., was duly licensed Oklahoma corporation which engaged in the business of owning, operating, maintaining, managing and providing a store to the general public.

2. That in connection with the operation of its business, the Defendant, HOBBY LOBBY STORES, INC., owned, operated, managed, maintained and controlled and/or otherwise contracted to own, operate, manage, maintain and control the premises located at 200 South Waukegan Road, in the City of Deerfield, in the County of Lake, in the State of Illinois, together with the passages, areaways and appurtenances thereof and thereat.

3. That on or about March 1, 2016, the Plaintiff was legally and lawfully upon said premises, and more particularly, was a customer at said store.

4. That on or about March 1, 2016, the Plaintiff was caused to fall as a result of a slippery substance which was present on the floor of the aforesaid premises at/or near the entrance way to the store.

5. That at the aforementioned time and place, the Plaintiff was in the exercise of ordinary care for her own safety.

6. That it was then and there the duty of the Defendant to exercise reasonable care and caution in and about the ownership, operation, management, maintenance and control of said premises, and the passages, areaways and appurtenances thereof and thereat, so that same would be in a good, safe and proper condition for persons legally and lawfully in and upon said premises, to be, use, occupy and walk upon, and so as not to cause harm and injury to such persons.

7. That on and prior to March 1, 2016, the Defendant knew, or should have known though the exercise

8. e of reasonable care, about the slippery substance which then and there existed on Defendant's premises.

9. That the existence of the slippery substance on Defendant's premises presented an unreasonable risk of harm to persons legally and lawfully on the property, including the Plaintiff.

10. That the Defendant, HOBBY LOBBY STORES, INC., could have reasonably expected that persons on the property either would not discover or realize the danger, or would fail to protect themselves against such danger.

11. That the Defendant negligent and carelessly breached said duty in one or more of the following ways:
    a. Improperly operated, managed, maintained, possessed and controlled said premises so that as a direct result thereof the Plaintiff was injured;

    b. Failed to provide a good, safe and proper place for the Plaintiff to be, use and occupy while on its premises;

    c. Failed to warn or display notification of the slippery substance on the floor;

    d. Allowed the slippery substance to remain on the floor;

    e. Failed to clean and/or remove the slippery substance from the floor;

    f. Allowed the slippery substance to remain in an area where it was foreseeable that customers would be traversing;

    g. Failed to inspect said premises to be certain same was in good, safe and proper condition; and/or

    h. Failed to have adequate safety precautions in effect.

12. As a proximate result of one or more of the foregoing negligent acts or omissions of Defendant, as aforesaid, Plaintiff was thereby injured internally, externally and otherwise, both temporarily and permanently; and Plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time she suffered or will suffer great pain and was hindered and prevented from attending to her business and affairs; and Plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of her injuries, as aforesaid.

WHEREFORE, the Plaintiff, NANCY JOYCE, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for the entry of judgment against the Defendant, HOBBY LOBBY STORES, INC., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), and for such additional amounts as the Court shall deem proper, and additionally, costs of said suit.

Respectfully Submitted,


  /s/ Ashley M. Murray
Ashley M. Murray


O'CONNOR LAW FIRM, LTD.
19 South LaSalle Street, Suite 1400
Chicago, IL  60603
Attorney No.: 56312
P: (312) 906-7609
F: (312) 263-1913